UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **GRISELDA LOPEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY BEYER**, **JANE ALDRICH**, **MARY ALTERMAN**, **DEBRA PELINSKI**, and **DAVID BEYER**, *individually, jointly and severally*, <br><br> Defendants. | **CASE NO. _____** <br><br> **JURY DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Griselda Lopez, by and through counsel, for her Complaint against Defendants Nancy Beyer, Jane Aldrich, Mary Alterman, Debra Pelinski, and David Beyer (hereinafter also collectively referred to as "Defendants") states and alleges the following:

### INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.* is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay their non-exempt domestic services worker at least minimum wages. 29 U.S.C. § 206.

2. Plaintiff Griselda Lopez was a live-in domestic services worker in Defendants' employ for nearly (7) years. Plaintiff brings this case to remedy Defendants' wage violative

practices by paying Plaintiff sub-minimum wages in contravention of the FLSA, 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The FLSA authorizes federal court actions by private parties to recover damages for violations of its wage and hour provisions.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this judicial district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Griselda Lopez was a resident of Johnson County, Iowa.

6. Defendant Nancy Beyer, upon information and belief, is a citizen of the United States and a resident of Johnson County, Iowa.

7. Defendant Jane Aldrich, upon information and belief, is a citizen of the United States and a resident of Polk County, Iowa.

8. Defendant Mary Alterman, upon information and belief, is a citizen of the United States and a resident of Burnsville, Dakota County, Minnesota.

9. Defendant Debra Pelinski, upon information and belief, is a citizen of the United States and a resident of Newark, New Castle County, Delaware.

10. Defendant David Beyer, upon information and belief, is a citizen of the United States and a resident of Snohomish County, Washington.

## FACTUAL ALLEGATIONS

*Defendants' Statuses as Employers and Plaintiff's Status as an Employee*

11. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed Plaintiff as a non-exempt hourly employee, working as a live-in domestic services worker for Defendants.

12. Defendants Nancy Beyer, Jane Aldrich, Mary Alterman, Debra Pelinski, and David Beyer were each "employers" of Plaintiff pursuant to the FLSA, which is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

13. Plaintiff was likewise an "employee" of each of the Defendants, which is defined as "any individual employed by an employer," with certain exceptions. 29 U.S.C. § 203(e)(1). Plaintiff was "employ[ed]" by each of the Defendants pursuant to the FLSA, as she was "suffer[ed] or permit[ted] to work" for each of the Defendants. 29 U.S.C. § 203(g).

14. Department of Labor regulations further define domestic service employment as "services of a household nature performed by an employee in or about a private home (permanent or temporary)." 29 C.F.R. § 552.3.

15. As Plaintiff worked as a live-in domestic services worker for Defendants, including by performing services for Defendants including but not limited to as a companion, cook, maid, housekeeper, laundress, and caretaker, she meets the criteria of 29 C.F.R. § 552.3 and 29 U.S.C. § 206(f), and the FLSA applies to her, entitling her to minimum wages for all hours worked. 29 U.S.C. § 206(f). Moreover, according to 29 C.F.R. § 552.102(a), "[d]omestic service employees who reside in the household where they are employed are entitled to the same minimum wage as domestic service employees who work by the day... [no exemption] excuse[s]

the employer from paying the live-in worker at the applicable minimum wage rate for all hours worked."

### *Facts Pertaining to Defendants' Failure to Pay Minimum Wages*

16.  Plaintiff Lopez was employed by Defendants from approximately August 2014 to May 2021 as a live-in domestic services worker.

17.  Plaintiff Lopez was initially approached by Defendant Nancy Beyer at a farmer's market.

18.  Defendant Nancy Beyer took a business card, which had Plaintiff Lopez's cell phone number.

19.  On or about June or July 2014, Defendant Nancy Beyer called Plaintiff Lopez ask her to provide care for her sister, Amy Beyer. Plaintiff Lopez speaks Spanish exclusively, and Defendant Nancy Beyer also speaks Spanish.

20.  After agreeing to work for Defendants, at all times relevant, Plaintiff Lopez (along with her two children) was required to live and work at 830 Dover St., Iowa City, Iowa, 52245, where she cared for Amy Beyer, who suffers from a medical condition. Upon information and belief, the premises where Plaintiff primarily worked at 830 Dover St., Iowa City, Iowa, 52245 is owned by Defendant David Beyer.

21.  In caring for Amy Beyer, Plaintiff provided help with cooking, cleaning, and dispensing medication. Plaintiff Lopez had to look after Amy Beyer very carefully at all times, because if left unattended, Amy Beyer would call a taxi or attempt to leave the house or attempt suicide.

22.  Plaintiff Lopez was required to provide care to Amy Beyer for 24 hours a day, seven (7) days a week, with the following exceptions: every other Saturday Defendants gave

Plaintiff a half-day off in the morning. Also, almost every Sunday, Defendants gave Plaintiff six hours off – between 2:00 pm - 8:00 pm – primarily to attend religious services. Plaintiff Lopez was given no other breaks or time off by Defendants, and did not take any vacations during the seven (7) years she worked for Defendants.

23. Based on the work times indicated above, Plaintiff Lopez worked approximately 154 – 162 hours per week. Although Plaintiff Lopez would of course eat meals and sleep during these 154 – 162 hours, Defendants did not keep records and the parties did not agree to any permitted deduction from wages for the amount of time spent during the regularly interrupted times Plaintiff ate a meal or slept. *See* 29 C.F.R. § 552.102.

24. Under the Department of Labor's regulations enacted pursuant to the FLSA which have the force of law, Defendants were required to keep track of the exact number of hours worked by Plaintiff. *See* 29 C.F.R. § 516.2(a); 29 C.F.R. § 552.102; 29 C.F.R. § 552.110. Notwithstanding these requirements, Defendants failed to record the number of hours worked by Plaintiff, and keep other required employment information as mandated by the FLSA.

25. For the around-the-clock care she provided, Plaintiff was paid in cash between $90 and $200 per week.

26. She was paid different amounts by different Defendants Jane Aldrich, Nancy Beyer, Mary Alterman, and Debra Pelinski.

27. Defendants Jane Aldrich, Nancy Beyer, Mary Alterman, and Debra Pelinski paid Plaintiff Lopez on different dates.

28. At times, Plaintiff Lopez had to remind Defendants Jane Aldrich, Nancy Beyer, Mary Alterman, and Debra Pelinski to pay her.

29. Defendant David Beyer did not pay Plaintiff directly, but allowed and required her to live at the 830 Dover St., Iowa City, Iowa 52245 location.

30. Defendants do not meet the requirements found in 29 U.S.C. § 203(m) for any portion of Plaintiff's "rent" to be applied to Defendants' minimum wage obligations for several reasons. First, Defendants must have maintained accurate records of the costs incurred in furnishing lodging to Plaintiff, and only charged her the actual, reasonable cost. *See* 29 CFR § 531.3; 29 C.F.R. § 516.27(a); *see also* 29 C.F.R. § 552.100(d); Department of Labor, Field Operations Handbook (FOH) § 30c05(a). These records "shall include itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost." 29 C.F.R. § 516.27(a)(1). Defendants failed to keep the weekly pay records required by 29 U.S.C. § 203(m), which would show what deductions, if any, of the reasonable cost of housing were made to the weekly minimum wage payments owed to Plaintiff, and therefore have not met this prerequisite for including lodging costs in Plaintiff's wages. Second, to the extent that they argue that the rent constituted payment of minimum wages earned, Defendants would have charged Plaintiff an unreasonable rate. Third, 29 C.F.R. § 531.30 further provides that "[t]he reasonable cost of board, lodging, or other facilities may be considered as part of the wage paid an employee only where customarily 'furnished' to the employee. Not only must the employee receive the benefits of the facility for which he is charged, but it is essential that his acceptance of the facility be voluntary and uncoerced." Defendants required Plaintiff to leave her existing home and be "on call" at all hours of the night to care for Amy Beyer, given the severity of her mental health condition. Thus, the primary benefit of the lodging went to Defendants.

31. Based on the hours worked as outlined above (154 – 162 hours per week), and the amount of her compensation as above ($90 – $200 per week), Plaintiff Lopez was paid between $0.56 and $1.30 per hour throughout her employment with Defendants, or between 8% and 18% of the federal minimum wage of $7.25 per hour.

*The Willfulness of Defendants' Violations*

32. Defendants knew that Plaintiff was entitled to minimum wages under law or acted in reckless disregard for whether Plaintiff was so entitled.

33. Defendants intentionally and willfully circumvented the requirements of the FLSA. By way of example, Defendants intentionally and willfully paid Plaintiff cash under the table for seven (7) years in part to avoid their minimum wage obligations.

34. Defendants deliberately exploited Plaintiff Lopez's status as a worker with little knowledge and use of the English language to pay her far less than the hourly minimum wage required by federal law.

## COUNT ONE
### (FLSA Minimum Wage Violations)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions.

37. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. *See* 29 U.S.C. § 206.

38. Defendants failed to comply with the requirements of 29 U.S.C. § 206 by paying Plaintiff far less than the applicable minimum wage.

39. Defendants have engaged in a series of unlawful acts, practices, and procedures in violation of the FLSA, including by refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by federal law. 29 U.S.C. § 206.

40. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which she is entitled to judgment.

41. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's rights, and entitle Plaintiff to liquidated damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Equitable Estoppel & Unjust Enrichment)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendants engaged in affirmative conduct designed to mislead Plaintiff by prohibiting her from learning that she had a right to receive minimum wage, even though she has little knowledge and use of the English language. For example, Defendants willfully and knowingly paid Plaintiff cash under the table for seven (7) years in part to avoid Plaintiff learning about her rights under the FLSA.

44. Defendants made a misrepresentation of fact, or otherwise concealed material facts, to Plaintiff, and knew or had reason to believe that Plaintiff would rely on Defendants' misrepresentations or omissions as to their minimum wage obligations.

45. Plaintiff reasonably relied upon the misrepresentations of Defendants with respect to their requirement to pay minimum wages. Plaintiff lacked knowledge of the true facts based

on Defendants' misrepresentation of facts, or otherwise concealment of facts, pertaining to Defendants' obligations to pay minimum wages.

46. Plaintiff relied on Defendants' misrepresentations or material omissions of facts and did so to her detriment, as she was not paid the minimum wages she was entitled to pursuant to federal law, 29 U.S.C. § 206.

47. The allegations in this case comprise an exceptional circumstance which justify Plaintiff to receiving minimum wage, in addition to liquidated damages, under the FLSA throughout the seven (7) years she worked for Defendants.

48. Moreover, Plaintiff has fully performed work that ultimately benefitted Defendants but was not paid for this work performed at the minimum wages required by federal law.

49. Defendants have been unjustly enriched at the expense of Plaintiff by virtue of paying plaintiff less than the minimum wage required as a result of its misrepresentations or material concealment of facts as to their minimum wage obligations.

50. Defendants have retained the benefit of Plaintiff's labor without compensating her as required by federal law as a result of their misrepresentations or material omissions, under circumstances in which it would be unjust and unconscionable to permit Defendants to do so.

51. Allowing Defendants to retain the benefits provided by Plaintiff during the seven (7) year length of her employment – the substantial enrichment gained by Defendants as a result of paying Plaintiff subminimum wages regularly equating to less than $1.30 per hour – under the circumstances presented as outlined above, is demonstrably unjust.

52.     As a direct and proximate result of Defendants' unjust enrichment described herein, Plaintiff has been damaged in an amount to be determined at trial, including but not limited to all minimum wages earned by Plaintiff but not paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff;

B.      Award compensatory damages to Plaintiff in the amount of her unpaid wages, as well as liquidated damages in an equal amount;

C.      Award monetary relief to Plaintiff in an amount sufficient to divest Defendants of the amounts gained by their unjust enrichment and equitable estoppel; and

D.      Award Plaintiff compensatory damages, prejudgment interest, post-judgment interest and collection costs, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully Submitted,

*s/ Gabriela Navarro*
Gabriela Navarro AT0014136
Andrew W. Bribriesco AT0010666
BRIBRIESCO LAW FIRM, PLLC
2407 18th Street, Suite 200
Bettendorf, Iowa 52722
Phone: 563/359-8266
Fax: 563/359-5010
gabriela@bribriescolawfirm.com
andrew@bribriescolawfirm.com

*and*

*s/ Ryan A. Winters*
Joseph F. Scott (Ohio 0029780) (Application for Admission Pro Hac Vice *forthcoming*)
Ryan A. Winters (Ohio 0086917) (Application for Admission Pro Hac Vice *forthcoming*)
Kevin M. McDermott II (Ohio 0090455) (Application for Admission Pro Hac Vice *forthcoming*)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

***ATTORNEYS FOR PLAINTIFF GRISELDA LOPEZ***

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Gabriela Navarro*
***AN ATTORNEY FOR PLAINTIFF***